No. 18,722.

EDWARD O. GEER, MANAGER, ETC. *v.* LEE H. RABINOFF.
(328 P. [2d] 375)

Decided July 28, 1958.

Mr. JOHN C. BANKS, Mr. JAMES P. McGRUDER, for plaintiff in error.

Messrs. STONE & BLOOD, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN 1957 plaintiff in error, herein referred to as Manager, denied an application of defendant in error, herein referred to as Applicant, for the transfer of a drug store liquor license from 3225 W. Colfax Avenue to 3209 West Colfax Avenue, Denver, Colorado. Applicant took the case to the District Court where the decision of the Manager was overruled and judgment entered directing him to transfer the license to the new location at 3209 West Colfax Avenue. From this judgment the Manager brings the case here by writ of error.

It is admitted that the Cheltenham School is a public school; that Applicant's present place of business is situated 233.3 feet from the nearest property line of said school; that the desired transfer of Applicant's drug store liquor license to 3209 West Colfax Avenue would locate said operation 328.36 feet from the nearest property line of said Cheltenham school.

In support of the change of location Applicant submitted oral testimony and signed petitions of residents in the community urging the transfer. No protests or objections to the transfer were entered. We quote from the findings of the Manager: "From the evidence as to the need and desires of the inhabitants the Applicant has sustained his position. The question arose as to whether or not this transfer, although moving the license

a further distance from a public elementary school, would still be well within five hundred feet of the nearest property line of the public elementary school to the nearest property line of the new location, namely 3209 West Colfax Avenue." Concluding his opinion the Manager said: "It is my ruling, to place this matter in issue in front of a court of record, that the application is denied both under the above mentioned ordinance and the State Statute."

The pertinent constitutional provision, together with the applicable statutes and the ordinance of the City and County of Denver, upon which the Manager predicated his decision, is as follows:

Article XXII of the Colorado Constitution (adopted in 1932) provided that: "the manufacture, sale and distribution of all intoxicating liquors, wholly within the state of Colorado, shall, subject to the constitution and laws of the United States, be performed exclusively by or through such agencies and under such regulations as may hereafter be provided by statutory laws of the state of Colorado * * *."

C.R.S. '53, 75-2-12 (9) (Laws 1956, page 157, Sec. 1), provides:

"No license provided for by this article shall be issued to or held by any person who will operate any place where liquor is sold or to be sold *by the drink* within five hundred feet from any public or parochial school, * * *." (Emphasis supplied.)

C.R.S. '53, 75-2-20, provides: "Liquor licensed drug stores as defined in this article shall be licensed only to sell malt, vinous and spirituous liquors in sealed containers *not to be consumed at the place where sold."* (Emphasis supplied.)

Both of these statutory enactments are contained in the 1935 Liquor Code adopted by the Colorado Legislature. The pertinent provision of the 1935 Liquor Code relating to the transfer of liquor licenses reads: "Such licensee may move his permanent location to any other

place in the same city, * * *, but it shall be unlawful to sell malt, vinous or spirituous liquor at any such place until permission so to do shall be granted by the licensing authorities.

"In permitting such change of location such licensing authorities shall consider the reasonable requirements of the neighborhood to which the applicant seeks to change his location, the desires of the inhabitants as evidenced by petition, remonstrances or otherwise, and all reasonable restrictions which are or may be placed upon the new district by the council of the city, town, or city and county * * *." C.R.S. '53, 75-2-3 (8).

Sec. 922.6 of the Revised Municipal Code of Denver, adopted in 1933, provides: "It shall be unlawful to sell, offer, or expose for sale or gift, beer, or vinous, spirituous, or malt liquors within a distance of five hundred (500) feet from any private, public or parochial school, said distance to be computed by direct measurement from the nearest property lines, provided, however, that this prohibition shall not affect the rights of any person, firm, or corporation now holding a lawful permit or license to conduct such business within the restricted area hereby established, nor shall this prohibition prevent the renewal upon the expiration thereof of any license in effect at this time authorizing such business within the restricted area hereby established."

The date when the original license to sell intoxicating liquor by the package was issued does not appear in the record. It is stated that Applicant held such a license "for many years." It is fair to assume that this license was issued prior to the enactment of Sec. 922.6 of the 1950 Revised Municipal Code, since the Manager made no reference to the issuance of the original license in his findings. We assume that the City authorities have acted consistently under Sec. 922.6 since its enactment, and this section specifically provides that any person holding a lawful permit or license to conduct such busi-

ness within the restricted area may have the license renewed.

■ The term "statutory laws of the State of Colorado" contained in Article XXII does not authorize the adoption of an ordinance in conflict with the state law on the subject. "The word [statutory] is said to refer strictly only to a state, or federal statute and not to a municipal ordinance." 82 C.J.S. 1035, §459.

■ C.R.S. '53, 75-2-12 (9), prohibits the sale of intoxicating liquor "by the drink" within 500 feet of a public or parochial school. The General Assembly has enacted no such restriction on the sale of "liquors in sealed containers not to be consumed at the place where sold." C.R.S. '53, 75-2-20.

In *Gettman v. Board of Commissioners,* 122 Colo. 185, 221 P. (2d) 363, this court, speaking through Mr. Justice Stone, said:

"It would appear from the provisions of Article XXII of our Constitution, hereinbefore quoted, that the power of regulation of the sale of intoxicating liquors was exclusively in the legislature, to be declared only by *'statutory laws.'* If, under such constitutional provision, the legislature has any power of delegation of its authority to regulate, such power has clearly been delegated to the secretary of state as state licensing authority, who by statute has been given the duties and authority 'to make such general rules and regulations and such special rulings and findings as he may deem necessary for the proper regulation and control' of the sale of such liquors. Accordingly, we must conclude that the board of county commissioners has no authority to regulate the sale of malt and vinous liquors, other than 3.2 per cent beer, but only to grant, suspend or revoke licenses as provided by statute."

The judgment is affirmed.

Mr. Justice Sutton not participating.